IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERNESTINA R. CRUZ, as Guardian Ad
Litem for A.P., a minor child,

v.  No. 1:23-CV-00270

LA CLINICA DEL PUEBLO DE RIO ARRIBA,
MARGARET (AKA "MARGO") BRACE, in her
individual and professional capacity, and
UNITED STATES OF AMERICA,

    Defendants.

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL TORT CLAIMS ACT FOR INVASION OF PRIVACY, MEDICAL NEGLIGENCE, BREACH OF FIDUCIARY DUTY, AND RESPONDEAT SUPERIOR/AGENCY AND JURY DEMAND**

The Plaintiff Ernestina R. Cruz, as Guardian Ad Litem for A.P., a minor child, through her attorneys, MARTINEZ, HART, SANCHEZ & ROMERO, P.C. (Kelly Stout Sanchez, F. Michael Hart & Julio C. Romero), and for her Complaint against Defendants states and demand for trial by jury:

**I.     PARTIES, JURISDICTION & VENUE**

1. This case arises from the rape of 7-year old A.P. by a school bus driver, which resulted in Defendants' public disclosure of private facts concerning that rape.

2. Prior to the rape through the date of the public disclosure of private facts, A.P. was a patient of Defendants La Clinica del Pueblo de Rio Arriba, Margaret (aka Margo) Brace, and the United States of America, undergoing mental health counseling for trauma A.P. suffered when her mother tragically died in a motor vehicle accident preceding the rape.

3. Plaintiff, as Guardian Ad Litem for A.P., seeks compensatory damages pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680 for the negligence of

1

Defendants La Clinica del Pueblo de Rio Arriba, Margaret (aka Margo) Brace, and the United States of America for common law invasion of privacy, medical negligence, and breach of fiduciary duty, and *respondeat superior*/agency.

4. A.P. is a minor child who resides in the State of New Mexico, and has legal claims as a result of physical injuries and damages she sustained while attending second grade at Tierra Amarilla Elementary School.

5. Plaintiff Ernestina R. Cruz is an attorney licensed in New Mexico and pursuant to New Mexico state law was appointed as Guardian Ad Litem for A.P., a minor child, for purposes of pursuing her legal claims in this matter. (First Judicial District No. D-117-CV-202100074, Order entered 3/18/2021). The requirements of Fed. Rule. Civ. Pro. 17(c)(2) are met.

6. Pursuant to Fed. Rule Civ. Pro. 5.2(a)3, the minor child is identified in these proceedings by her initials only.

7. Defendant La Clinica del Pueblo de Rio Arriba ("Defendant La Clinica") is a federally funded health clinic in Rio Arriba County, apparently entitled to the protection of the Federal Tort Claims Act, 28 U.S.C., §§ 2671-2680.

8. At all times material to the claims alleged in this lawsuit, A.P. was a medical patient of Defendant La Clinica.

9. Defendant Margaret (aka Margo) Brace ("Defendant Brace") is a New Mexico resident.

10. At all times material to the claims alleged in this lawsuit, Defendant Brace was a licensed mental health counselor employed by Defendant La Clinica.

11. At all times material to the claims alleged in this lawsuit, A.P. was a patient of Defendant Brace who provided A.P. treatment through her agency with Defendant La Clinica.

12. At all times material to the claims alleged in this lawsuit, Defendant Brace acted in the course and scope of her employment with Defendant La Clinica.

13. At all times material to the claims alleged in this lawsuit, Defendant Brace acted in her individual and professional capacity.

14. Defendant United States of America is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of Defendant La Clinica and Defendant Brace, contractors and employees of the Government while acting within the course and scope of their office or employment with Defendant United States of America.

15. The incidents at issue in this lawsuit occurred in Rio Arriba County, New Mexico.

16. On or about February 8, 2021, Plaintiff timely presented her claim to the United States of America Department of Health & Human Services, the appropriate federal agency for administrative settlement of alleged violations brought under the Federal Tort Claims Act against Defendants La Clinica and Brace.

17. By certified letter dated October 12, 2022, the United States Department of Health & Human Services denied in writing Plaintiff's claims under the Federal Tort Claims Act.

18. This action is timely filed pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of receipt of the certified letter sent by the appropriate federal agency denying the claim.

19. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as Defendants conduct business in this judicial district and the events or omissions giving rise to this claim occurred in this judicial district.

20. Jurisdiction and venue are proper with this Court.

## II. GENERAL FACTUAL ALLEGATIONS

### A. Facts relating to A.P.'s privacy interests.

21. Plaintiff hereby incorporates all previously alleged paragraphs as though set forth fully herein.

22. The acts and omissions giving rise to this lawsuit occurred during the Spring 2019 semester at Tierra Amarilla Elementary School.

23. On May 8, 2019, A.P. was a second-grade student at Tierra Amarilla Elementary School and was seven (7) years old during the Spring 2019 school semester.

24. Prior to and on May 8, 2019, A.P. was a medical patient of Defendants La Clinica and Brace, receiving mental health counseling from Defendant Brace due to the tragic death of A.P.'s mother.

25. On May 8, 2019, A.P. attended an after-school program at Tierra Amarilla Elementary School.

26. On May 8, 2019, Stephen Meek was employed by Chama Valley Independent School District ("CVISD") to operate a CVISD public school bus to transport Tierra Amarilla Elementary School students home from school.

27. It was the early evening on May 8, 2019, when Stephen Meek arrived at Tierra Amarilla Elementary School to pick up students attending the after-school program.

28. After dropping off other students, A.P. was alone on the bus with Stephen Meek for the remainder of a rural 21-mile journey home.

29. While en route to A.P.'s home, Stephen Meek pulled the school bus over in a rural and remote turnabout near U.S. Highway 84.

30. Stephen Meek stopped the bus, kept the exit door locked, and blocked the walkway on the bus.

31. Stephen Meek cornered A.P., pulled down her underwear, aggressively rubbed her genitals, and kissed A.P. on her mouth.

32. Stephen Meek eventually completed the bus route that evening and finally let A.P. exit the bus.

33. Shortly after exiting the bus, A.P. notified her legal guardians of what happened on the bus.

34. Immediately thereafter, A.P.'s legal guardians reported the sexual assault to New Mexico State Police.

35. A.P.'s legal guardians also made a proper report to the school district personnel with CVISD.

36. A.P. had a reasonable and legitimate expectation that her reporting of the sexual assault to the school district, including all matters concerning A.P.'s health, would remain private.

**B.     Facts relating to public disclosure of private facts.**

37. Shortly after A.P. and her legal guardians reported the May 8, 2019 sexual assault, Tierra Amarilla Elementary School's principal invited Defendant Brace to Tierra Amarilla Elementary School to speak to individual classrooms about the May 8, 2019 sexual assault.

38. Defendant Brace, in her individual and professional capacity as a mental health professional employed by Defendant La Clinica, disclosed A.P.'s and her family's identity to several classrooms at Tierra Amarilla Elementary School, each of which included students and teachers.

39. Defendant Brace disclosed private facts relating to A.P.'s and her family's identity and A.P. being a victim of sexual assault while Defendant Brace held a special relationship with A.P. as her mental health counselor.

40. Defendant Brace disclosed to Tierra Amarilla Elementary School students that A.P. was the student who was sexually assaulted on May 8, 2019 by Defendant Stephen Meek.

41. After Defendant Brace disclosed A.P.'s and her family's identity, Tierra Amarilla Elementary School's principal received reports from concerned parents notifying her that Defendant Brace disclosed A.P.'s and her family's identity.

42. A.P. was subjected to humiliation and embarrassment as a result of Defendant Brace's disclosure of her identity as the victim of Stephen Meek's rape.

43. As a result of Defendant Brace's disclosure of A.P.'s identity as the student sexually assaulted, A.P. chose to be homeschooled to avoid further humiliation, embarrassment, and gender-based bullying and harassment.

44. Defendants Brace and La Clinica never took affirmative action to rectify the retaliation A.P. suffered and other students witnessed as a result of A.P.'s protected activity in reporting the sexual assault.

## Count I – Invasion of Privacy

45. All previous allegations are incorporated by reference as if fully set forth herein.

46. Defendant Brace, personally and in her professional capacity as a licensed mental health counselor, publicly disclosed A.P.'s private information concerning her personal life and details about the sexual assault she suffered to persons and the public who were not entitled to receive such information about A.P.

47. Defendant Brace's public disclosures of facts about A.P.'s private life and details about the sexual assault she suffered are objectionable to a reasonable person.

48. There is no legitimate public interest in the private information about A.P. that Defendant Brace disclosed.

49. A.P. has a right to be free from Defendant Brace's invasion of privacy.

50. As a direct and proximate result of Defendant Brace's invasion of A.P.'s privacy by making public disclosures of her private facts, A.P. suffered damages, extreme mental anguish, severe emotional damages, and other injuries.

51. A.P. is entitled to an award of compensatory damages for Defendant Brace's negligent invasion of A.P.'s right to privacy.

52. Defendants La Clinica and United States of America are vicariously liable for the negligence of its agents and employees, including Defendant Brace.

**Count II – Medical Negligence**

53. All previous allegations are incorporated by reference as though fully set forth herein.

54. At all times material to the allegations set forth in this lawsuit, Defendant Brace was a licensed mental health counselor whose training and experience qualified her to treat children needing mental health treatment.

55. At all times material to the allegations set forth in this lawsuit, Defendant Brace was under a duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified licensed mental health counselors practicing under similar circumstances, giving due consideration to the locality involved.

56. Defendant Brace breached the applicable standard of care in her treatment of A.P. and disclosure of private facts about A.P. while A.P. was under the care and treatment of Defendant Brace.

57. As a direct and proximate result of Defendant Brace's breach of the applicable standard of care, A.P. suffered damages, extreme mental anguish, severe emotional damages, and other injuries.

58. A.P. is entitled to an award of compensatory damages for her negligent breach of the medical standard of care.

59. Defendants La Clinica and United States of America are vicariously liable for the negligence of its agents and employees, including Defendant Brace.

## Count III – Breach of Fiduciary Duties

60. All previous allegations are incorporated by reference as though fully set forth herein.

61. At all times material, Defendant Brace had a mental health counselor-patient relationship with A.P.

62. Defendant Brace was required to exercise the utmost good faith toward her patient, A.P., throughout the mental health counselor-patient relationship.

63. Defendant Brace was required to maintain privacy of facts relating to A.P. throughout and long-after the mental health counselor-patient fiduciary relationship with A.P.

64. As a direct and proximate result of Defendant Brace's breach of fiduciary duties, A.P. suffered damages, extreme mental anguish, severe emotional damages, and other injuries.

65. A.P. is entitled to an award of compensatory damages as result of Defendant Brace's negligent breach of fiduciary duty.

66. Defendants La Clinica and United States of America are vicariously liable for the negligence of its agents and employees, including Defendant Brace.

**Count IV - *Respondeat Superior*/Agency – Defendant La Clinica**

67. All previous allegations are incorporated by reference as though fully set forth herein.

68. At all times material to the allegations set forth in this Complaint, Defendant Brace was an agent or employee of Defendant La Clinica.

69. At all times material to the allegations set forth in this Complaint, Defendant Brace was acting within the course and scope of her agency or employment with Defendant La Clinica.

70. Defendant La Clinica is vicariously liable for the negligent acts of Defendant Brace.

**Count V - *Respondeat Superior*/Agency – Defendant United States of America**

71. All previous allegations are incorporated by reference as though fully set forth herein.

72. At all times material to the allegations set forth in this Complaint, Defendant Brace was an agent or employee of Defendant United States of America.

73. At all times material to the allegations set forth in this Complaint, Defendant La Clinica was an agent or employee of Defendant United States of America.

74. At all times material to the allegations set forth in this Complaint, Defendant Brace was acting within the course and scope of her agency or employment with Defendant United States of America.

75. At all times material to the allegations set forth in this Complaint, Defendant La Clinica was acting within the course and scope of its agency or employment with Defendant United States of America.

76. Defendant United States of America is vicariously liable for the negligent acts of Defendant Brace.

77. Defendant United States of America is vicariously liable for the negligent acts of Defendant La Clinica.

## III. PRAYER FOR RELIEF

A. Plaintiff hereby incorporates all previously alleged paragraphs as though set forth fully herein.

B. A.P. suffered severe physical and emotional injuries as a result of Defendants' wrongful conduct.

C. As the direct, natural and proximate result of the acts and omissions of the Defendants, A.P. seeks an award for the following compensatory and special damages:

    A. Past and future medical expenses;

    B. Past and future pain and suffering;

    C. Past and future emotional distress;

    D.    Loss of enjoyment in her activities;

    E.    Prejudgment and post-judgment interest;

    F.    Costs and attorney fees (pursuant to 28 U.S.C. § 2678); and

    G.    Any other relief which this Court may deem just and proper.

## IV. JURY DEMAND

    A.    Plaintiff hereby demands trial by a jury of six (6) jurors.

Respectfully Submitted,

**MARTINEZ, HART, SANCHEZ & ROMERO, P.C.**

*/s/ Kelly Stout Sanchez*
Kelly Stout Sanchez
F. Michael Hart
Julio C. Romero
1801 Rio Grande Blvd. NW
Albuquerque, NM 87104
(505) 343-1776
(505) 344-7709 facsimile
kellys@osolawfirm.com
mikeh@osolawfirm.com
julior@osolawfirm.com
***Attorneys for Plaintiff***