# United States District Court
### DISTRICT OF NEW MEXICO

| | |
|---|---|
| ERNESTINA R. CRUZ, *as guardian ad litem for A.P., a minor child*, <br>     *Plaintiff*, <br><br>      *v.* <br><br> LA CLINICA DEL PUEBLO DE RIO ARRIBA, MARGARET (AKA "MARGO") BRACE, *in her individual and professional capacities, and* UNITED STATES OF AMERICA, <br>     *Defendants*. | No. 1:23-cv-00270-JMR-GBW |

### DEFENDANT THE UNITED STATES' SUMMARY-JUDGMENT MOTION (UNOPPOSED)

Citing the Federal Tort Claims Act (FTCA), plaintiff Ernestina Cruz, guardian ad litem for minor A.P., seeks to hold defendants La Clinica del Pueblo de Rio Arriba and the United States liable for defendant Margo Brace's allegedly unlawful conduct. *See* ECF 1 ¶¶ 67–77. This Court, however, lacks subject-matter jurisdiction over Cruz's claims, and the United States is entitled to summary judgment accordingly. Cruz does not oppose this motion.

*First*, Cruz's FTCA claim against La Clinica based on Brace's conduct is inviable. *Id.* ¶¶ 67–70. It is undisputed that La Clinica is a federally supported health center "immunized" from liability under the FTCA through the Federally Supported Health Centers Assistance Act (FSHCAA), 42 U.S.C. § 233(g)–(n). *Baur v. Smith*, 572 F. Supp. 2d 1258, 1270 (D.N.M. 2007). The United States is therefore "substituted as defendant in claims against the entity," and La Clinica should be terminated as a defendant. *Id.* (citing 42 U.S.C. § 233(g)).

*Second*, Cruz's FTCA claim against the United States for Brace's conduct is also inviable for want of jurisdiction. ECF ¶¶ 71–77. The United States waived sovereign immunity under the FTCA for only the wrongful conduct of government "employee[s]," 28 U.S.C. § 1346(b), and Brace was a contractor for La Clinica not entitled to FTCA protection under FSHCAA's narrow exception for qualified contractors, *e.g.*, *Ohlsen v. United States*, 998 F.3d 1143, 1155, 1164 (10th Cir. 2021) ("[T]he FTCA does not authorize suits based on the acts of independent contractors," and such suits are "are jurisdictionally barred under the FTCA"); 42 U.S.C. § 233(g)(1)(A), (g)(5) (treating contractors of federally supported health centers as government "employees" only if they work "on average at least 32 ½ hours of service per week" or in specific medical "fields"); *see also* Exs. B–D (demonstrating that Brace does not satisfy § 233(g)(5)).

*Finally*, because this Court lacks subject-matter jurisdiction over Cruz's FTCA claims against La Clinica and the United States, Cruz's remaining state-law tort claims against Brace are inviable as well for lack of subject-matter jurisdiction. ECF 1 ¶¶ 45–65; *e.g.*, *Harshman Estate v. Jackson Hole Mountain Resort*, 379 F.3d 1161, 1168 (10th Cir. 2004) ("When the district court dismissed the United States from this [FTCA] cause of action for lack of subject matter jurisdiction, it lost all original jurisdiction on which to append supplemental state law claims").

This unopposed motion should be granted, summary judgment should be entered for the United States, and this case should be marked closed.

## CONCISE STATEMENT OF
## UNDISPUTED MATERIAL FACTS

**1.** Throughout 2019, La Clinica was a federally supported health center entitled to the FTCA's protections through FSHCAA. Ex. A at 2 (HHS Notice of Deeming Action); *see* ECF 1 ¶ 7 (Cruz's complaint acknowledging this fact).

**2.** On November 27, 2018, defendant Margo Brace — a licensed clinical social worker (LCSW) — signed a contract with La Clinica, under which Brace agreed to provide LCSW services to La Clinica patients "for a period of one (1) year." Exs. B at 1–3 (contract), D ¶ 4 (authenticating declaration).

**3.** Under the contract, Brace was to provide services to La Clinica for "15 hours per week" at $65 an hour, and she was "totally responsible for the manner and method by which services [were] provided to patients." Ex. B at 2–3.

**4.** In 2019, La Clinica paid Brace $24,467.63 under her contract, for approximately 376 hours of work ($24,467.63 divided by $65 an hour), meaning that Brace provided contract work for La Clinica on average 7 ¼ hours per week in 2019. *See* Exs. C (2019 Form 1099), D ¶ 5.

**5.** Cruz alleges that Brace disclosed private information about A.P.'s tragic rape by a school bus driver "to several classrooms" at A.P.'s school in "Spring 2019," in violation of state tort law for "invasion of privacy," "medical negligence," and "breach of fiduciary duties." ECF 1 ¶¶ 38–40, 45–66.

**6.** Cruz alleges only that La Clinica and the United States are "vicariously liable" for Brace's conduct under the FTCA. *Id.* ¶¶ 52, 59, 70–77.

## ARGUMENT

Cruz's claims are inviable for want of subject-matter jurisdiction, and the Court should grant the United States' unopposed summary-judgment motion.

A few foundational principles first: "Absent a [statutory] waiver, sovereign immunity shields the Federal Government … from suit," and "[s]overeign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA waives sovereign immunity — but only in the specific, narrow circumstances described in 28 U.S.C. § 1346(b). *E.g.*, *Brownback v. King*, 141 S. Ct. 740, 745–46, 749–50 (2021).

"[I]n the unique context of the FTCA, all elements of a meritorious claim [under § 1346(b)] are also jurisdictional," *id.* at 749, and "because the jurisdictional arguments are intertwined with the case's merits" in FTCA matters, Rule 56's summary-judgment standard governs dismissal motions on jurisdictional grounds, *De Baca v. United States*, 399 F. Supp. 3d 1052, 1183 (D.N.M. 2019). Summary judgment "shall" be granted where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also, e.g.*, *De Baca*, 399 F. Supp. 3d at 1160–64.

Here, Cruz brings three state-law tort claims against Brace (invasion of privacy, medical negligence, and breach of fiduciary duty), ECF 1 ¶¶ 45–65, and "vicarious liability" claims based on Brace's conduct against La Clinica and the United States under the FTCA, *id.* ¶¶ 67–77. As detailed below, however, all of Cruz's claims are incognizable for lack of subject-matter jurisdiction.

### I. CRUZ'S CLAIMS AGAINST LA CLINICA AND THE UNITED STATES FAIL

The Court should hold, first, that Cruz's FTCA claims against La Clinica and the United States fail for lack of subject-matter jurisdiction.

**A.** Begin with La Clinica. Throughout 2019, La Clinica was officially "deemed" a federally supported health center under FSHCAA. Ex. A at 2 (HHS Notice of Deeming Action). Cruz acknowledges this fact in her complaint. ECF 1 ¶ 7 (La Clinica "is a federally funded health clinic … apparently entitled to the protection of the [FTCA]").

In this circumstance, the law is settled: "[A]n entity … so 'deemed' [under FSHCAA] will be immunized under the FTCA, and the United States will be substituted as defendant in claims against the entity." *Baur*, 572 F. Supp. 2d at 1270; *see also, e.g.*, *Rehoboth McKinley Christian Healthcare v. HHS*, 853 F. Supp. 2d 1107, 1116 (D.N.M. 2012) (FSHCAA-covered entities "enjoy the procedural and substantive protections of the FTCA, including the substitution of the United States as a defendant"); *McLaurin v. United States*, 392 F.3d 774, 777 (5th Cir. 2004) (a FSHCAA plaintiff's "exclusive remedy is against the government," not the health center).

The Court should therefore terminate La Clinica as a defendant for lack of subject-matter jurisdiction, as the United States is the only "proper party defendant" under FSHCAA and the FTCA. *Rehoboth*, 853 F. Supp. 2d at 1112.

**B.** The Court should also grant the United States summary judgment on Cruz's FTCA claim on jurisdictional grounds. Again, "all elements of a meritorious [FTCA] claim are also jurisdictional," *Brownback*, 141 S. Ct. at 745, and

one FTCA element requires wrongful conduct by an "*employee* of the Government," 28 U.S.C. § 1346(b) (emphasis added). Government contractors typically are not "employee[s] of the Government." *E.g.*, *De Baca*, 399 F. Supp. 3d at 1173–74 (FTCA independent-contractor rule).

FSHCAA creates a narrow exception to this rule: Contractors of federally supported health centers are treated as government "employees" for FTCA purposes "only if" they (A) "normally perform[] on average at least 32 ½ hours of service per week for the [health center] for the period of the contract" or (B) are "licensed," or are a "certified provider of services," in the specific "fields of family practice, general internal medicine, general pediatrics, or obstetrics and gynecology." 42 U.S.C. § 233(g)(5). The FTCA does not protect — and so the United States retains sovereign immunity for claims against — contractors who do not meet § 233(g)(5)'s requirements. *E.g.*, *Carias-Garcia v. United States*, 2016 WL 4679706, at *2–5 (N.D. Ind. 2016) (granting summary judgment where a provider "d[id] not qualify as a contractor under the FSHCAA," and deeming the United States "not liable under the FTCA for the alleged acts and omissions of" that provider).

It is undisputed in this case: Brace does not satisfy § 233(g)(5)'s requirements, meaning the United States is "not liable under the FTCA for [her] alleged acts." *Id.* To start, Brace provided contract work for La Clinica on average 7 ¼ hours per week during her 2019 contract, *see* Ex. C (2019 Form 1099); *supra* at 3 — far below the "average [of] at least 32 ½ hours … per week" that

§ 233(g)(5)(A) demands. Likewise, Brace was a licensed clinical social worker, *see* Ex. B at 1 — she was neither "licensed" nor "certified" in the specific medical "fields of family practice, general internal medicine, general pediatrics, or obstetrics and gynecology," as § 233(g)(5)(B) mandates.

So Brace was not a FSHCAA "contractor" entitled to FTCA protection, meaning the United States retains sovereign immunity and cannot be held "liable under the FTCA for [her] alleged acts." *Carias-Garcia*, 2016 WL 4679706, at \*5. Because "[s]overeign immunity is jurisdictional in nature," *Meyer*, 510 U.S. at 475, the United States is entitled to summary judgment on Cruz's FTCA claim for lack of subject-matter jurisdiction, *e.g.*, *Carias-Garcia*, 2016 WL 4679706, at \*6.

## II. Cruz's Claims Against Brace Fail on Jurisdictional Grounds

Finally, Cruz's state-law tort claims against Brace are inviable as well for lack of subject-matter jurisdiction. ECF 1 ¶¶ 38–40, 45–66. Supplemental jurisdiction does not cover these state-law claims because the Court lacks jurisdiction over Cruz's FTCA claims against La Clinica and the United States, the only federal claims in this case. *E.g.*, *Harshman*, 379 F.3d at 1168 ("When the district court dismissed the United States from this [FTCA] cause of action for lack of subject matter jurisdiction, it lost all original jurisdiction on which to append supplemental state law claims"). Likewise, these claims arise only under state tort law and so do not implicate federal-question jurisdiction under 28 U.S.C. § 1331. *E.g.*, *Badgerow v. Walters*, 142 S. Ct. 1310, 1316 (2022). Finally, because Cruz, A.P., and Brace are all New Mexico citizens, *see* ECF ¶¶

4–5, 9, diversity jurisdiction does not apply either, *e.g.*, *Badgerow*, 142 S. Ct. at 1316. Summary judgment on jurisdictional grounds is therefore warranted on Cruz's state-law tort claims against Brace as well.

## CONCLUSION

Summary judgment should be granted for the United States on all of Cruz's claims, and this case should be marked closed.

JULY 5, 2023                                   Respectfully submitted,

                                               ALEXANDER M.M. UBALLEZ
                                                 *United States Attorney*

                                               *s/ Benjamin G. Minegar*
                                               BENJAMIN G. MINEGAR
                                                 *Assistant United States Attorney*
                                               P.O. Box 607
                                               Albuquerque, NM 87103
                                               (505) 346-7274
                                               benjamin.minegar@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that, on July 5, 2023, I filed this document electronically through CM/ECF, causing all counsel to be served by electronic means.

                                               *s/ Benjamin G. Minegar*
                                               BENJAMIN G. MINEGAR